Judge Robertson
delivered the opinion of the Court.
Gkimes appealed to the circuit court, from a judgment before a magistrate, for $¡20, in favor of Dearborn. In the circuit court, the jury found a verdict for $20, and the court gave judgment accordingly.
If evidence conduce to prove ac- - count sued on, jury have right to find verdict for pl’tff. and new trial should not be granted.
Too late, after jury sworn, to object that warrant not sent up and account sued on.
Grimes, for plaintiff; T. A. Marshall, for defendant.
Grimes moved to non-suit Dearborn, for insufficiency of proof, and for want of the original papers before the justice. And after the verdict, he moved for a new trial. And having failed in both, he has appealed.
Dearborn claimed ‡20 for repairing Grimes’s gig.
The only proof was, that the gig was seen at Dear-born’s shop, for reparation, and that, on the trial before the justice, Grimes did not deny that the gig was repaired, but urged that it was injured by Dear-born.
This evidence is not very direct or satisfactory. But the jury had a right to find the verdict, as the evidence conduces to prove the account.'
It was not shown whether the account was for specie or bank paper; the verdict is for specie, and Dearborn endorsed on the record, that he would receive Commonwealth’s Bank notes, in discharge of it.
It, therefore, does not appear, that the justice had no jurisdiction, nor that there was any variance between the warrant and the proof.
It was too late, after the jury was sworn, to object that the warrant and account were not sent up by the justice.
Judgment affirmed.